UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH D. PEISSIG,

    Plaintiff,

v.

                                                  Case No. 20-cv-198-pp

ANDREW M. SAUL,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, that he is married and his spouse is not employed, and that he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. Although the plaintiff states that his spouse is not employed, he indicates that his spouse receives $2,783.25 "before taxes + deductions" in monthly

1

wages or salary (although he does not list the source of that income.) Id. at 2. The plaintiff states that he has $2,124.86 in monthly expenses, although it's not clear whether the $204.82 the plaintiff lists for retirement + life insurance out of his spouse's check is part of the $949 per month under other household expenses. Id. at 2-3. The plaintiff says that the $949 "includes" the $204.82, which would mean that his total monthly expenses are actually $1,920.04. The plaintiff owns three vehicles (a 2010 Dodge van, a 2002 Chevy Malibu, and a 1989 Chevy truck), the combined value of which is approximately $3,800. Id. at 3. The plaintiff owns his home worth approximately $75,000 with $15,000 in equity, he owns no other property of value, and he has approximately $200 in cash on hand or in a checking or savings account. Id. at 3-4. In the other circumstances section of the affidavit, the plaintiff states "We are behind in medical bills making small pmts. Our families help us out right now. Manitowoc County is helping us with a new furnace because we couldn't afford to fix ours." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct

legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that the Commissioner denied him Social Security Disability Insurance for lack of disability, that the plaintiff is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 10th day of February, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**